IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**MAY 25 2023**

**JEFFREY P. COLWELL**
**CLERK**

Civil Action No. _____

(To be supplied by the court)

_____PEDRO CASILLA-DIAZ_____, Plaintiff

v.

Jury Trial requested:
(please check one)
**X** Yes ___ No

_____,

_____,

_____,

_____UNITED STATES OF AMERICA_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## PRISONER COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

PEDRO CASILLA-DIAZ, REG# 41669-069

(Name, prisoner identification number, and complete mailing address)

FCI FLORENCE, P.O. BOX 6000, FLORENCE, COLORADO 81226

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____    Pretrial detainee
____    Civilly committed detainee
____    Immigration detainee
____    Convicted and sentenced state prisoner
_X_    Convicted and sentenced federal prisoner
____    Other: *(Please explain)* _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:    Mr. Evans (Recreation Department Supervisor)

(Name, job title, and complete mailing address)

P.O. Box 6000, Florence, Colorado 81226

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No *(check one)*. Briefly explain:

Mr. Evans oversees FCI Florence Recreation Department and must follow and comply with prescribed statues, regulations, and policies that governs the duty of care of federal inmates.

Defendant 1 is being sued in his/her ___ individual and/or _X_ official capacity.

**Defendant 2:** Mr. Shuler (Assistant Health Services Administrator) (AHSA)
(Name, job title, and complete mailing address)

P.O. Box 6000, Florence, Colorado 81226

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

Mr. Shuler oversees FCI Florence Health Services Department and must follow and comply with prescribed statues, regulations, and policies governing the duty of care of federal inmates.

Defendant 2 is being sued in his/her ___ individual and/or _X_ official capacity.

**Defendant 3:** Associate Warden Bailey (over activities/programs)
(Name, job title, and complete mailing address)

P.O. Box 6000, Florence, Colorado 81226

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

Mr. Bailey is the ranking official over the Recreation Staff and must follow and comply with prescribed statues, regulations, and policies governing the duty of care of federal inmates

Defendant 3 is being sued in his/her ___ individual and/or _X_ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

____ 42 U.S.C. § 1983 (state, county, and municipal defendants)

____ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

_X_ Other: (*please identify*) 28 U.S.C. §1346(b)(1); 28 U.S.C. §2401(b) and 28 U.S.C. §§2671 et seq. Colorado Professional Review Act (CPRA), Colo. Rev. Stat. §12-36.5-101 to -106; Colo. Rev. Stat. §13-21-102(1)(a)-(b); C.R.S. §12-20-602; C.R.S. §13-20-602

3

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:  Negligent/dangerous conditions in FCI Florence Gymnasium

Supporting facts: On July 29, 2022 at approximately 1:30 p.m. I was playing basketball with fellow inmates at FCI Florence's indoor gymnasium-basketball court when my left foot was snagged by a floor tile that protruded from the floor and causing my left leg to twist instantly resulting in a loud pop in my knee and excruciating burst of pain. I fell to the Gymnasium floor clutching my left leg in pain. Associate Warden over activities/programs, Mr. Evans and Mr. Garcia were notified of my injury and that I was laid out on the gym floor in need of medical attention. Mr. Schuler was alerted at the Medical Department of my injury and responded by radio that his department was not available to deal with my situation and should get help from inmates to be carried back to my housing unit. Fellow inmates indeed lifted me and supported me with their shoulders while carrying me to my assigned housing unit. Officer Ferrera was on duty in my housing unit when I arriived and provided me with plastic bags that inmates could fill with ice to possibly eleviate the swelling in my left leg/knee. AHSA Shuler at medical informed officer Ferrera that we're in prison and emergencies happen all the time and I would simply have to be seen whenever possible. The Associate Warden and Recreation Department staff yielded to the agitation by Mr. Schuler and medical staff and made no other efforts to ensure that I received emergent medical notice. At approximately 5:00 p.m. the Operations Lieutenant Mr. Hill contacted the medical department and literally issued a verbal command for subordinate officers to retrieve me and escort me to the medical department regardless of what agitation that medical staff were exhibiting in regards to my need for urgent medical treatment. Once I arrived to the medical department under escort of correctional officers, Mr. Schuler appeared outside the building and reluctantly provided me a wheelchair. Once inside the medical department, some phone calls to the local emergency center was made and at approximately 6:15 p.m. I was handcuffed, schakled and roughly loaded into the prison's transportation vehicle where I blacked out from the pain. I was awaken upon arrival at St. Thomas More Hospital Emergency Department in Canon City, Colorado. I was misdiagnosed with a "quadriceps tendon rupture." I was prescribed 600 mg Motrin for my excruciating pain and then returned back to FCI Florence after 12:00 a.m. wearing a leg brace that was provided to me at the local emergency room. On July 30, 2022, I was admitted into the medical department's infirmary. On August 1, 2022, I was seen by the prison's orthopedic consultant who issued his written recommendations for "urgent orthopedic surgery" for a quadriceps tendon rupture. On August 4, 2022, I was transported to an offsite medical office for a MRI that revealed a left complete ACL rupture, partial thickness-partial width tear of the fibular collateral ligament. The MRI also revealed posterior horn medial meniscus tear; occult fracture and complex joint effusion. Again, immediate surgery was recommended. On August 9, 2022, I was transported for a follow-up medical visit (offsite). On September 6, 2022, nearly one month later, I received "left knee-arthroscopially assisted ACL reconstruction surgery" using "anterior tibialis tendon allograft" and left knee "anthroscopy with partial medial and lateral meniscetomies."

## D. CLAIM ONE - CONTINUED

Mr. Evans and recreation staff at FCI Florence had actual and constructive knowledge of the hazardous and dangerous condition of the gymnasium floor used for inmates recreation, who failed to exercise reasonable safety and maintenance of the gym floor. My injury was just one of dozens of inmates whom have been seriously injured on the same gym floor caused by protruding tiles. There were no warning signs posted in the gymnasium as to the dangerous conditions. I was aware of no warnings or the dangerous conditions before playing basketball on the dangerous floor. The United States owed me a legal duty of safety that was breached by its employees; in which I was seriously injured; that was indeed caused by the employees breach of that duty of care. 18 U.S.C. §4001(b)(2). It is also clear gross negligence of recreation employees when they have been aware of the many injuries caused by broken, loose and protruding floor tiles on the gymnasium floor and the current inmate population who need surgery, had surgery, enduring needles pain and continue to be injured everyday on the gym floor, failing to exercise that degree of care, safety, and responsibility expected of prudent recreation officials.

## CLAIM TWO -  Medical Malpractice

Tortious conduct was committed by AHSA Shuler and health services staff employed at FCI Florence, in the scope of their employment and within Colorado's statue of repose, codified at Colo. Rev. Stat. §13-80-102.5(1). This FTCA claim is relevant and applicable to Colorado law requiring plaintiffs to file a certificate of review within sixty days after the service of complaint unless the court determines that a longer period is necessary for good cause shown. Colo. Rev. Stat. §13-20-602(1)(a); see also §13-20-602(3)(a) (describing the contents of a sufficient certificate of review). The Tenth Circuit Court of Appeals has held that Colorado's certificate of review requirement constitutes state substantive law and therefore applies to FTCA claims based on medical negligence. Hill v. Smithkline Beecham Corp, 393 F.3d 1111, 1117 (10th Cir. 2004). In Colorado, medical malpractice actions are a subset of negligence actions and thus require a plaintiff to "show a legal duty of care on the defendant's part, breach of that duty, injury to plaintiff, and that the defendant's breach caused the plaintiff's injury." Day v. Johnson, 255 P.3d 1064, 1068-69 (Colo. 2011).

Mr. Schuler and health services staff at FCI Florence did not follow medical recommendations for "immediate surgery" in July, 2022, in which the delay was caused by medical staffing shortages. At the time I was injured, FCI Florence's primary medical staff apparently consisted of a single physician and nurse overseeing medical care to an inmate population of thousands. Understaffing at FCI Florence is not new. In 2021, the American Federation of Government Employees (AFGE) characterized the issue as a "chronic problem" that

## D. CLAIM TWO - CONTINUED

is compromising the safety of inmates and staff alike. In a December 6, 2022 letter to BOP Director Colette Peters, both of Colorado's U.S. Senators complained about the staffing shortages at the FCC Complex caused by low pay, forced overtime and dangerous work conditions. At that time, FCC Florence was short at least 120 correctional officers and 66 non-custody staff. Corrections staff continue to complain about "vast" amounts of forced overtime. Under BOP's augmentation policy, non-officer employees, including medical staff are assigned to work as corrections officers. As of the filing of this action, the FCC Florence complex remains one of the least staffed federal prisons in the country. Outside the walls of a federal prison, an individual who somehow torn his ACL will no doubt seek medical attention immediately. However, as shown in this matter, as an inmate in BOP custody at FCI Florence, my access to immediate medical attention was conditioned on external factors beyond my control, namely medical staffing shortages, resources and competency of a federal bureaucracy that even under emergency circumstances "medically necessary services" are limited. Under this standard, injuries like mine were presumably considered "non-emergent." But by the time I had received ACL surgery, I had received several mis-diagnosis and course of treatment for those misdiagnosis. This is not the way healthcare for serious injuries should be provided, and it is not appropriate to switch the liability to inmates or fault them for a failed healthcare system. My case presents yet another horrifying example of how inmates are continuously injured in the FCI Gymnasium due to floor tiles and health services staff make inmates pay the price for the management failures that put inmates through a "wait and see" approach as to whether the recreation and health services departments will improve. I should have been provided the prompt medical care I deserved that would have reduced the suffering I endured, rather than merely what was made available to me under a failed medical care system. My medical records demonstrate that pre/post surgery care was based on one nurse and one physician system to manage a lot of inmates. What is further clear from my medical records is that I was denied submission of medical designation refferal to a MRC for physical therapy under BOP Policy 6270.01, sections 5(b), 7(b), 8(b) and 9. My constant complaints of lack on range of motion and weight bearing issues were ignored by AHSA Schuler for purposes of physical therapy referral to a MRC. Without having received physical therapy after ACL surgery has left me permanently disabled to the extent of ever playing sports, walking without a cane, having lifetime pain and no realistic orthopedic plan for my recovery. My left knee is currently unstable with current effusion and no improvement in sight after undergoing ACL surgery that was delayed. As a result I have sustained permanent and significant loss of bodily function.

4B

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes _X_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):                    _____

Docket number and court:                    _____

Claims raised:                              _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)  _____

Reasons for dismissal, if dismissed:          _____

Result on appeal, if appealed:              _____


## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

        _X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

        _X_ Yes ___ No (*check one*)    On February 14, 2023, Office of the Regional Counsel, Mary A. Noland for the U.S. Department of Justice, North Central Regional Office issued notification of denial of administrative tort claim # TRT-NCR-2023-01532 under 28 C.F.R. §14.9, Final denial of Claim.

5

**G.    REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."* Monetary damages against the United States as liability for the acts of its employees working on behalf of the United States (28 U.S.C. §1346(b) and 28 U.S.C. §2671), predicated under Colorado Tort Claims Law §13-21-102.5(5), for Negligence and irreversible physical injuries, in the amount of $2,000,000.00

**H.    PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Pedro Casilla Diaz*
(Plaintiff's signature)

May 22, 2023
(Date)

(Form Revised December 2017)

6